**TURNER, Admrx., Plaintiff, v. PFISTERER, Defendant.**

Common Pleas Court, Franklin County.

No. 188546.  Decided September 23, 1954.

Vorys, Sater, Seymour & Pease, for plaintiff.
Benoy & Sebastian, for defendant.

## OPINION

By BARTLETT, J.

**MOTION TO STRIKE LAST PARAGRAPH FROM THE ANSWER OVERRULED.**

Action for damages resulting from defendant's automobile allegedly knocking decedent to the pavement and into the path of another car which ran over her body and dragged it about a block. Decedent died from such injuries so received.

Last paragraph of defendant's answer avers: "Plaintiff (as administratrix) has been fully compensated for any damage which the next of kin of the decedent may have sustained by the payment of $500.00 on October 22, 1953, from David McWherter." The answer also names David McWherter as the driver of the other car that struck decedent.

Motion of plaintiff is that the foregoing averment of payment be stricken from the answer.

The release of one joint tort feasor is a release of all, and satisfaction as to one operates as satisfaction as against the others, even though the contrary be stipulated. **Ellis v. Bitzer, 2 Ohio 89.**

In the case of Klages v. Kronenbitter, et al., 25 C. C. (N. S.) 191:

The answer sets forth the payment of $800.00 by the owner of the truck which collided with defendant's car and which struck plaintiff "as a full, complete and adequate compensation for all injuries received by said plaintiff."

A demurrer to this answer was overruled; and the Circuit Court of this district held as follows:

"It is a contract in settlement in full for the injuries received for a specified sum of money which was paid, and bars an action on account of the same injuries against a party other than the one with whom the settlement was made."

Whatever consideration is received on a covenant not to sue, must be applied to the payment **pro tanto** of the recovery. 34 Cyc. 1090.

Payment is new matter and should be pleaded as an affirmative defense. **Fewster v. Goddard, 25 Oh St 276.**

A general denial does not authorize proof of payment. **Worst v. Colonial Savings Bank and Trust Co., 11 Oh Ap 308; 29 O. Jur. Sec. 588, p. 1253.**

"The term (new matter) comprehends every fact, not appearing in the petition, which defeats the action, and which the plaintiff is not required to prove to make out his case." **31 O. Jur. Pleading, Sec. 157, p. 719.**

"Also, the plaintiff is entitled to insist that any new matter constituting a defense be stated in the answer, to the end that he may have notice of it in time to meet it; and in the absence of any allegation thereof in the answer, proof of new matter is not permitted." **31 O. Jur. Pleading, Sec. 152, p. 711.**

It is true that there is authority to the effect that payment of an obligation by a stranger thereto, does not innure to the benefit of the defendant to diminish or extinguish his liability. Phillips Code Pleading, Sec. 437, p. 461; **Klein v. Thompson, 19 Oh St 569**; Dernham, Guardian, etc., v. Cincinnati Traction Co. 21, N. P. (N. S.) 418

However, the answer in the instant case identifies the person making the payment as the driver of the other car involved in the collision resulting in the injuries causing decedent's death.

This Court is, therefore, of the opinion that McWherter on the face of the pleadings is not a stranger to rights of the plaintiff in the instant case; and that the case of Klages v. Kronenbitter, supra. is controlling in the instant case, and such payment was properly pleaded as new matter.

Motion to strike from the answer the last paragraph overruled.

Entry accordingly with exceptions of counsel for plaintiff.